# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: <u>0:25–cv–03741–JRT–SGE</u>
### *Internal Use Only*

Herrera Avila v. Bondi et al
Assigned to: Judge John R. Tunheim
Referred to: Magistrate Judge Shannon G. Elkins
Cause: 8:1105(a) Aliens: Habeas Corpus to Release INS Det

Date Filed: 09/23/2025
Jury Demand: None
Nature of Suit: 463 Habeas Corpus – Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Joaquin Herrera Avila**

represented by **Cameron Lane Youngs Giebink**
Wilson Law Group
3019 Minnehaha Ave
Minneapolis, MN 55406
612–436–8183
Fax: 612–436–7101
Email: cgiebink@wilsonlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Wilson**
Wilson Law Group
3019 Minnehaha Avenue
Minneapolis, MN 55406
612–436–7100
Fax: 612–436–7101
Email: dwilson@wilsonlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Lourdes Santamaria El Bayoumi**
Wilson Law Group
3019 Minnehaha Ave.
Minneapolis, MN 55406
612–436–7100
Email: ksantamaria@wilsonlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Pamela Bondi**
*Attorney General*

represented by **Ana H Voss**
United States Attorney's Office
300 S 4th St Ste 600

Minneapolis, MN 55415
612–664–5600
Fax: 612–664–5788
Email: ana.voss@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Kristi Noem**
*Secretary, U.S. Department of Homeland
Security*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd M. Lyons**
*Acting Director of Immigration and
Customs Enforcement*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Sirce Owen**
*Acting Director for Executive Office for
Immigration Review*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Peter Berg**
*Director, Ft. Snelling Field Office
Immigration and Customs Enforcement*

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Ryan Shea**
*Sheriff of Freeborn County*

represented by **David John Walker**
Freeborn County Attorney's Office
Freeborn County Government Center
411 South Broadway Avenue
Albert Lea, MN 56007
507–377–5192
Fax: 507–377–5196
Email: david.walker@co.freeborn.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Immigration Customs Enforcement**

represented by **Ana H Voss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

| | | |
|---|---|---|
| **Executive Office for Immigration Review** | represented by | **Ana H Voss** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Department of Homeland Security** | represented by | **Ana H Voss** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Samuel Olson** | represented by | **Ana H Voss** |
| *Director, St. Paul Field Office* | | (See above for address) |
| *Immigration and Customs Enforcement* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2025 | 1 | Emergency PETITION for Writ of Habeas Corpus (filing fee $ 5, receipt number AMNDC−12260802) filed by Joaquin Herrera Avila. No summons requested. (Attachments: # 1 Civil Cover Sheet) (Wilson, David) (Entered: 09/23/2025) |
| 09/23/2025 | 2 | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge John R. Tunheim per Civil (3rd, 4th − Civil Rights) list, referred to Magistrate Judge Shannon G. Elkins. Please use case number 25−cv−3741 (JRT/SGE). **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** (MKB) (Entered: 09/23/2025) |
| 09/24/2025 | 3 | ORDER FOR PARTY TO FILE DOCUMENT/RESPOND TO COURT. Respondents shall answer within 7 days of this Order's date. If Petitioner intends to file a reply, he must do so within 7 days of when Respondents' answer is filed. See Order for additional details. Signed by Magistrate Judge Shannon G. Elkins on 9/24/2025. (BH) (Entered: 09/24/2025) |
| 09/25/2025 | 4 | Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested filed by Joaquin Herrera Avila. (Santamaria El Bayoumi, Katherine) (Entered: 09/25/2025) |
| 09/25/2025 | 5 | NOTICE OF HEARING ON MOTION 4 Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested : Date and time to be determined. (Santamaria El Bayoumi, Katherine) (Entered: 09/25/2025) |
| 09/25/2025 | 6 | MEMORANDUM in Support re 4 Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested filed by Joaquin Herrera Avila. (Attachments: |

| | | |
|---|---|---|
| | | # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Santamaria El Bayoumi, Katherine) (Entered: 09/25/2025) |
| 09/25/2025 | 7 | First Declaration of Katherine L. Santamaria El Bayoumi in Support of 4 Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested filed by Joaquin Herrera Avila. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H)(Santamaria El Bayoumi, Katherine) (Entered: 09/25/2025) |
| 09/25/2025 | 8 | PROPOSED ORDER TO JUDGE re 4 Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested filed by Joaquin Herrera Avila.(Santamaria El Bayoumi, Katherine) (Entered: 09/25/2025) |
| 09/29/2025 | 9 | (Text–Only) NOTICE: Status Conference set for 10/2/2025 at 03:30 PM in Video Conference (no courtroom) before Judge John R. Tunheim.<br><br>**Notice to Public:** Please visit our website at https://www.mnd.uscourts.gov/court–schedules for audio connection information for this hearing. Note that hearings might not appear on the court schedule or courthouse kiosk until one week before the hearing date.<br><br>(HMA) (Entered: 09/29/2025) |
| 10/01/2025 | 10 | RESPONSE re 1 Petition for Writ of Habeas Corpus, 4 Emergency MOTION for Temporary Restraining Order – Expedited Handling Requested filed by Peter Berg, Pamela Bondi, Department of Homeland Security, Executive Office for Immigration Review, Immigration Customs Enforcement, Todd M. Lyons, Kristi Noem, Sirce Owen.(Voss, Ana) (Entered: 10/01/2025) |
| 10/01/2025 | 11 | DECLARATION of John D. Ligon re 10 Response, by Peter Berg, Pamela Bondi, Department of Homeland Security, Executive Office for Immigration Review, Immigration Customs Enforcement, Todd M. Lyons, Kristi Noem, Sirce Owen . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Voss, Ana) (Entered: 10/01/2025) |
| 10/02/2025 | 13 | (Text–Only) **MINUTE ENTRY for proceedings held before Judge John R. Tunheim on 10/2/2025: Status Conference.**<br><br>Court Reporter: Lori Simpson<br>Courtroom Video Conference<br>Time: 3:37 pm<br>3:42 pm<br>Total Time: 5 minutes<br><br>**APPEARANCES:**<br>**For Plaintiff(s):** David L Wilson; Cameron Lane Youngs Giebink; Katherine Lourdes Santamaria El Bayoumi<br>**For Defendant(s):** Ana H Voss<br><br>**PROCEEDINGS:**<br>Discussion regarding schedule for Motion for TRO and Preliminary Injunction.<br><br>(KKM) (Entered: 10/06/2025) |
| 10/03/2025 | 12 | |

| | | TRAVERSE re <u>10</u> Response, by Joaquin Herrera Avila. (Attachments: # <u>1</u> LR7.1/LR72.2 Word Count Compliance Certificate LR 7.1 word compliance)(Santamaria El Bayoumi, Katherine) (Entered: 10/03/2025) |
|---|---|---|
| 10/21/2025 | <u>14</u> | **MEMORANDUM OPINION AND ORDER** on Petition for Writ of Habeas Corpus. |

1. Samuel Olson, Director, St. Paul Field Office Immigration and Customs Enforcement, is hereby JOINED as a Respondent, pursuant to Federal Rule of Civil Procedure 21.

2. Petitioner Joaquin Herrera Avilas Verified Petition for Writ of Habeas Corpus <u>1</u> is GRANTED, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

    c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

    d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

3. Respondents are ENJOINED from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

|  |  | 4. Petitioners Motion for Temporary Restraining Order <u>4</u> is DENIED as moot. |
|  |  | 5. Within 3 days of the date of this Order, the parties shall file any requests for redaction. |
|  |  | LET JUDGMENT BE ENTERED ACCORDINGLY. |
|  |  | (Written Opinion) Signed by Judge John R. Tunheim on 10/21/2025. (KKM) (Entered: 10/21/2025) |
| 10/22/2025 | <u>15</u> | JUDGMENT (Attachments: # <u>1</u> Civil Notice – appeal, # <u>2</u> Appeal Packet 1983)(MMG) (Entered: 10/22/2025) |
| 10/30/2025 | <u>16</u> | STATUS REPORT by Peter Berg, Pamela Bondi, Department of Homeland Security, Executive Office for Immigration Review, Immigration Customs Enforcement, Todd M. Lyons, Kristi Noem, Samuel Olson, Sirce Owen. (Voss, Ana) (Entered: 10/30/2025) |
| 10/30/2025 | <u>17</u> | DECLARATION of Ana H. Voss re <u>16</u> Status Report by Peter Berg, Pamela Bondi, Department of Homeland Security, Executive Office for Immigration Review, Immigration Customs Enforcement, Todd M. Lyons, Kristi Noem, Samuel Olson, Sirce Owen . (Attachments: # <u>1</u> Exhibit 1)(Voss, Ana) (Entered: 10/30/2025) |
| 11/07/2025 | <u>18</u> | NOTICE OF APPEAL TO 8TH CIRCUIT as to <u>15</u> Judgment, <u>14</u> Order on Motion for TRO,,,,,,,,,,, by Peter Berg, Pamela Bondi, Department of Homeland Security, Executive Office for Immigration Review, Immigration Customs Enforcement, Todd M. Lyons, Kristi Noem, Samuel Olson, Sirce Owen. (Voss, Ana) (Entered: 11/07/2025) |
| 11/07/2025 | <u>19</u> | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit, <u>18</u> . (ACH) (Entered: 11/07/2025) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JOAQUIN HERRERA AVILA*,*

                              Petitioner,

v.

PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; SIRCE OWEN, *Acting Director for Executive Office for Immigration Review*; PETER BERG, *Director, Fort Snelling Field Office Immigration and Customs Enforcement*; RYAN SHEA, *Sheriff of Freeborn County*; SAMUEL OLSON, *Director, St. Paul Field Office Immigration and Customs Enforcement*; [1] IMMIGRATION AND CUSTOMS ENFORCEMENT; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and U.S. DEPARTMENT OF HOMELAND SECURITY,

                              Respondents.

Civil No. 25-3741 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

---

Cameron Lane Youngs Giebink, David L. Wilson, and Katherine Lourdes Santamaria El Bayoumi, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

---

[1]  The Court notes that Samuel Olson was not named as a Respondent in the Petition, but he was named in subsequent filings.  Because the Respondents also name Olson as a Respondent and do not object to his exclusion from the Petition, the Court will assume that Olson's exclusion was a mistake and will add Olson as a Respondent to the Petition.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Sirce Owen, Peter Berg, Samuel Olson, Immigration and Customs Enforcement, Executive Office for Immigration Review, and U.S. Department of Homeland Security.

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

Petitioner Joaquin Herrera Avila filed a Verified Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order. The Court held a status conference on October 2, 2025, at which the parties consented to the Court deciding the merits of the habeas petition. Because Petitioner is being unlawfully detained, the Court will grant his habeas petition to the extent that he seeks an order requiring Respondents to provide him a bond hearing before the immigration judge under 8 U.S.C. § 1226(a). The Court will also order that Petitioner not be moved outside the District of Minnesota before the court ordered bond hearing. As a result, Petitioner's motion for a temporary restraining order will be denied as moot.

## BACKGROUND

### I.    STATUTORY AND REGULATORY FRAMEWORK

In general, under federal immigration law, two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. Petitioner argues that he is subject to the discretionary detention framework set forth in 8 U.S.C. § 1226(a), which requires that Petitioner be provided a bond hearing, and Respondents argue that

Appellate Case: 25-3248    Page: 8    Date Filed: 11/10/2025 Entry ID: 5565905    November 7 2025 p 8

Petitioner is subject to mandatory detention under § 1225(b)(2).  The Court will address each statutory provision in turn.

Section 1225 applies to "applicants for admission"—aliens who are either "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1).  Applicants for admission fall under either § 1225(b)(1) or § 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  "Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" as well as "certain other aliens designated by the Attorney General in his discretion." *Id.* (citations omitted).[2]  Section 1225(b)(2) serves as a "catchall provision that applies to" almost all other applicants for admission not covered by § 1225(b)(1). *Id.* at 289.

Respondents contend that Petitioner is being detained under § 1225(b)(2).  Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a," which addresses removal proceedings.

---

[2] Aliens subject to § 1225(b)(1) "are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process" unless they "indicate[] either an intention to apply for asylum . . . or a credible fear of persecution," in which case the alien is then referred for an asylum interview. *Jennings*, 583 U.S. at 287 (quoting § 1225(b)(1)(A)).  Neither party contends that § 1225(b)(1) applies to Petitioner.

3

Section 1226—which Petitioner contends governs his detention—applies to the apprehension and detention of aliens who are **already present** in the country and eligible for removal.  *See Jennings*, 583 U.S. at 288; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) establishes a discretionary process: on an arrest warrant issued by the Attorney General, an alien may be arrested and detained while a decision on whether the alien should be removed is pending.  Except as provided in § 1226(c), which applies to the detention of criminal aliens, the Attorney General (1) may detain the arrested alien, (2) may release the alien on bond of at least $1,500, with conditions, or (3) may release the alien on conditional parole.  8 U.S.C. § 1226(a).[3]

In short, 8 U.S.C. § 1225 allows "the Government to detain certain aliens **seeking admission** into the country," and § 1226 "authorizes the Government to detain certain

---

[3] Section 1226(c) imposes mandatory detention on a defined group of aliens, comprising of aliens who fall within "enumerated categories involving criminal offenses and terrorist activities." *Jennings*, 583 U.S. at 289.  Individuals who are subject to mandatory detention include specific categories of "inadmissible" aliens. *See* 8 U.S.C. § 1226(c)(1)(A), (D), (E).  In January 2025, Congress passed the Laken Riley Act, which expanded § 1226(c)'s mandatory detention requirement to a new class of noncitizens, as long as two requirements are satisfied.  Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. § 1226(c)(1)(E).

> The Laken Riley Act amendments mandate detention for noncitizens who are inadmissible under Sections 1182(a)(6)(A) (the inadmissibility ground for a noncitizen "present in the United States without being admitted or paroled"), 1182(a)(6)(C) (the inadmissibility ground for misrepresentation), or 1182(a)(7) (the inadmissibility ground for lacking valid documentation) and have been arrested for, charged with, or convicted of certain crimes.

*Maldonado v. Olson,* No. 25-3142, 2025 WL 2374411, at *10 (D. Minn. Aug. 15, 2025) (citing Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. § 1226(c)(1)(E)).

4

aliens **already in** the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).

## II.    FACTUAL BACKGROUND

Joaquin Herrera Avila is a native and citizen of Mexico who entered the United States without inspection in 2006.  (Verified Pet. For Writ of Habeas Corpus ("Pet.") ¶¶ 32–36, Aug. 29, 2025, Docket No. 1.)  He also entered the United States on or about October 10, 2016, without admission or parole near Hildago, Texas.  (Decl. of John D. Ligon ("Ligon Decl.") ¶ 4, Ex. A, Oct. 1, 2025, Docket No. 11.)

On August 29, 2025, ICE encountered Petitioner during a traffic stop in Minneapolis, Minnesota.  (*Id*. ¶ 5, Ex. A.)  Petitioner identified himself and admitted that he had entered the country illegally and lacked documentation indicating that he had legal status to reside in the United States.  (*Id.*)

Petitioner was arrested and issued a Notice to Appear on the same day.  (*Id*. ¶ 6, Ex. B.)  The Notice to Appear represented that Petitioner was being detained under the Immigration and Nationality Act  ("INA") § 212(a)(6)(A)(i) (codified as 8 U.S.C. § 1182(a)(6)(A)(i)), because he was "an alien present in the United States who ha[d] not been admitted or paroled" and under INA § 212(a)(7)(A)(i)(I) (codified as 8 U.S.C. § 1182(a)(7)(A)(i)(I)), because he was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document."  (*Id.*)  On the Notice to Appear, the box indicating, "You are an alien present in the United States who

5

has not been admitted or paroled" was checked, but the box marked "You are an arriving alien" was **not** checked.  (*Id.*)

Similarly, Petitioner's Form I-213 Record of Deportable/Inadmissible Alien noted that Petitioner was subject to removal under Section 212(a)(6)(A)(i) because he was "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (*Id.* ¶ 4, Ex. A.)

### III.   PROCEDURAL BACKGROUND

In his Verified Petition for a Writ of Habeas Corpus, Petitioner alleges, among other things, that Respondents' actions are violating the Immigration and Nationality Act ("INA") and the Fifth Amendment of the United States Constitution.[4]  (Pet. ¶¶ 87–95.)  Petitioner filed a Motion for Temporary Restraining Order (Sept. 25, 2025, Docket No. 4), alleging that his continued detention without the opportunity to be heard in a bond hearing is unlawful.  In the Motion, Petitioner asks the Court to (1) enjoin Respondents from moving him outside the District of Minnesota and (2) require Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)(2)(A) within 7 days.  (*Id.*)

---

[4] The Petition alleges six counts: (1) declaratory relief, (2) violation of the INA under 8 U.S.C. § 1226(a), (3) violation of the Due Process Clause of the Fifth Amendment, (4) violation of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 arising from the unlawful denial of release on bond, (5) violation of Administrative Procedure Act ("APA") arising from agency actions that are contrary to law and arbitrary and capricious, and (5) violation of the APA arising from the failure to observe required procedures.  (Pet. ¶¶ 83–112.)

On October 2, 2025, the Court held a status conference during which the parties agreed to have the Court decide the merits of the Petition.

## DISCUSSION

It is well-established that "absent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. 1. § 9, cl. 2). The writ of habeas corpus has served as a vital check on executive power throughout our nation's history. *Id.* The petitioner must prove unlawful detention by a preponderance of the evidence. *E.g., Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

Respondents make two main arguments as to why the Court should deny the habeas petition. First, Respondents argue that the Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g).[5] Second, Respondents argue that Petitioner's claims fail on the

---

[5] Respondents also assert that certain named Respondents are not proper parties to the case and that Petitioner's APA claim should be dismissed. As to the proper parties, Respondents argue that the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Executive Office for Immigration Review (EOIR), and Sirce Owen are not the proper parties to this action because they are not the **persons** who have custody over the Petitioner. (Resp'ts' Consolidated Resp. to Pet. for Writ of Habeas Corpus and Mot. TRO ("Resp'ts' Opp'n Mem.") at 12–14, Oct. 1, 2025, Docket No. 10.) Respondents correctly note "that the proper respondent to a habeas petition is the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (alteration in original) (citation and internal quotation marks omitted). Notably, Respondents do not argue that Attorney General, Pamela Bondi; Secretary of DHS, Kristi Noem; or the Director of the ICE St. Paul Field Office, Samuel Olson are improper parties; instead, they assert that Samuel Olson is the proper party because he has custody over the Petitioner. Although Respondents appear to be correct, it is unclear on this record who would be responsible for complying with this order granting the Petition and conducting the ordered bond hearing. The Court thus declines to dismiss DHS, ICE, EOIR, and Sirce Owen. As for the Respondents'

7

merits because § 1225(b)(2) mandates Petitioner's detention.  The Court will address each argument in turn, after addressing the addition of Samuel Olson as a party.

## I.    SAMUEL OLSON

Samuel Olson, Director of the St. Paul Field Office, Immigration and Customs Enforcement, was not named as a Respondent in the Petition, but he was named in subsequent filings.  Moreover, the Respondents also name Olson as a Respondent and did not object to his exclusion from the Petition.  Indeed, Respondents assert that Samuel Olson is the proper party because he currently has custody over the Petitioner.  The Court assumes that Olson's exclusion was a mistake and will, on its own initiative, add Olson as a Respondent to the Petition.  Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

## II.    JURISDICTION

As a threshold matter, Respondents argue that the Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252(g).  (Resp'ts' Consolidated Resp. to Pet. for Writ of Habeas Corpus and Mot. TRO ("Resp'ts' Opp'n Mem.") at 9–12, Oct. 1, 2025, Docket No. 10.)

Section 1252(g) provides that:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or

---

argument that the APA claim is not properly included in this action, the Court declines to resolve this issue because it is immaterial to the Court's resolution of the Petition.

> action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g); *see also Silva v. United States*, 866 F.3d 938, 940 n.2 (8th Cir. 2017). The Supreme Court has acknowledged that § 1252(g) is "narrow[]" and that it "applies only to three discrete actions that the Attorney General may take": (1) commencing proceedings, (2) adjudicating cases, or (3) executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.* In 2018, the Supreme Court reaffirmed its narrow interpretation of § 1252(g). *Jennings*, 583 U.S. at 294.

Respondents also contend that § 1252(g) "bars district courts from hearing challenges to the **method** by which the Secretary of Homeland Security chooses to commence removal proceedings, including the decision to detain an alien pending removal." (Resp'ts' Opp'n Mem. at 9–10 (citing *Alvarez v. ICE*, 818 F.3d 1194, 1203 (11th Cir. 2016)). The Court disagrees.

Petitioner's habeas claim is not jurisdictionally barred under § 1252(g) because Petitioner is not seeking review of a decision to commence proceedings, adjudicate cases, or execute a removal order. Instead, Petitioner challenges, among other things, the lawfulness of his continued detention without receiving a bond hearing, and thus, the claim is "independent of, or wholly collateral to, the removal process." *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d. Cir. 2025). The Court concludes, as other courts in this District

9

and elsewhere have, that § 1252(g) does not preclude Petitioner from challenging his unlawful detention.  *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025); *Jose J.O.E. v. Bondi*, No. 25-3051, 2025 WL 2466670, at *7 (D. Minn. Aug. 27, 2025); *see also Ozturk*, 136 F.4th at 397–98; *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023).[6]

Accordingly, the Court finds that 8 U.S.C. § 1252(g) does not divest the Court of jurisdiction over Petitioner's claims.

## III.    LAWFULNESS OF PETITIONER'S DETENTION

The central question in this habeas petition is which detention framework applies to Petitioner, a Mexican citizen who has lived in the United States for years but was never lawfully admitted to the country and is now facing removal proceedings.  Respondents argue that apart from aliens falling under § 1225(b)(1) (aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation), § 1225(b)(2) requires detention of **any** noncitizen present in the country who has not

---

[6] Even if Petitioner's claims arose out of one of the three actions identified in § 1252(g), the Eighth Circuit has recognized "an exception to § 1252(g) for a habeas claim raising a pure question of law."  *Silva,* 866 F.3d at 941.  The question presented here is a narrow legal one—specifically, whether § 1225(b)(2) or § 1226 governs Petitioner's detention.  *See Jose J.O.E.*, 2025 WL 2466670, at *7 (concluding that the question of whether a non-citizen detained under § 1226 is entitled to a bond hearing is a pure legal question that falls within "the exception to § 1252(g)'s jurisdiction-stripping provision, as it can be decided in the abstract on an undisputed factual record").

been lawfully admitted. Respondents' argument is unpersuasive for at least three reasons.

First, Respondents' interpretation conflicts with the plain meaning of § 1225(b)(2). Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." 8 U.S.C. § 1225(b)(2)(A). "Applicants for admission" are aliens who are "present in the United States who ha[ve] not been admitted" or "who arrive[] in the United States." *Id.* § 1225(a)(1). Respondents argue that because "applicant for admission" is defined as any noncitizen who is present in the country and has not been admitted, any person who is present in the country who has not be lawfully admitted is subject to mandatory detention.

The problem with Respondents' argument is that it ignores the phrase "seeking admission" found in § 1225(b)(2), which implies a current action. *See Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *6 (E.D. Mich. Aug. 29, 2025) (acknowledging that seeking admission "implies action—something that is currently occurring, and in this instance, would most logically occur at the border upon inspection"). Here, Petitioner has lived in the country for years without seeking any lawful immigration status, such as naturalization, asylum, refugee designation, permanent residency, or a visa. If § 1225(b)(2)(A) applied to every "applicant for admission," there would be no

11

reason to include the phrase "seeking admission" in § 1225(b)(2)(A).  The Court declines to read the "seeking admission" requirement out of § 1225(b)(2)(A).

Other courts have similarly rejected Respondents' broad reading of § 1225(b)(2) and have instead construed § 1226(a)'s plain language to apply to detainees in situations like Petitioner's.[7] *See, e.g.*, *Maldonado v. Olson,* No. 25-3142, 2025 WL 2374411, at *11 (D. Minn. Aug. 15, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–57 (W.D. Wash. 2025); *Lopez-Campos*, 2025 WL 2496379, at *5.

The Supreme Court's decision in *Jennings* likewise confirms the Court's interpretation of §§ 1225(b)(2) and 1226(a).  In *Jennings*, the Supreme Court made it clear that § 1225(b) applies to "aliens **seeking admission** into the country" while § 1226(a) applies to "certain aliens **already in** the country."  *Jennings*, 583 U.S. at 289 (emphasis

---

[7] The Court acknowledges that the Board of Immigration Appeals (BIA) recently adopted Respondents' broad interpretation of § 1225(b)(2) in the *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  In *Hurtado*, the BIA concluded that § 1225(b)(2) applied to aliens classified as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General"—the same provision under which Petitioner is charged. *Id.* at 217, 225.  The Court joins other courts in disagreeing with the BIA's interpretation. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024) (holding that courts are required to exercise their independent judgment and "may not defer to an agency interpretation of the law simply because a statute is ambiguous"); *see, e.g.*, *Maldonado*, 2025 WL 2374411, at *11–13; *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E.D. Mich., Sept. 9, 2024) (collecting cases at odds with the BIA's interpretation of § 1225(b)(2) in *Hurtado*).

added).[8]  For at least these reasons, the Court rejects Respondents' broad interpretation that § 1225(b)(2) mandates detention of **any** alien present in the country and who has not been admitted.

Second, if the Court adopted Respondents' interpretation, Congress's 2025 amendments to § 1226(c) in the Laken Riley Act would be rendered superfluous. Although § 1226(a) provides that the Attorney General may (1) detain an alien, (2) release an alien on bond, or (3) release an alien on conditional parole, § 1226(c)(1)(E) mandates detention for certain categories of "inadmissible" aliens that have been charged with particular crimes.[9]

---

[8] In support of their broad interpretation of § 1225(b)(2), Respondents rely on *Florida v. United States*, 660 F. Supp. 3d 1239 (N.D. Fla. 2023), which considered the issue of whether the Department of Homeland Security (DHS) has the discretion to release or detain noncitizens apprehended at the border under § 1225(b)(2) or § 1226.  However, the holding in that case undercuts Respondents' position.  In *Florida*, the court explained that § 1225 and § 1226 "can be reconciled only if they apply to different classes of aliens."  *Id.* at 1275 (quoting *Matter of M-S*, 27 I. & N. Dec. 509, 516 (Att'y Gen. 2019)).  That is, "an alien who was apprehended within the interior of the United States necessarily must have been paroled under § 1226(a) . . . because he was not apprehended at the border as a § 1225 arriving alien . . . ."  *Id.* (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9ᵗʰ Cir. 2007)).  The court in *Florida* also acknowledged that under *Jennings*, § 1226 applies to aliens "**already in the country**."  *Id.*  In short, *Florida* does not support Respondents' position.

[9] The Laken Riley Act amendment provides for mandatory detention of aliens who have been arrested for, charged with, or convicted of certain enumerated crimes **and** are inadmissible under § 1182(a)(6)(A), § 1182(a)(6)(C), or § 1182(a)(7).  *Id.* § 1226(c)(1)(E).  Although, Petitioner was arrested and detained under § 1182(a)(6)(A) (alien "present in the United States without being admitted or paroled"), Petitioner has not committed an enumerated crime.  Thus, mandatory detention of Petitioner under § 1226(c) would be inappropriate.

Statutes "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" *Corley v. United States*, 556 U.S. 303, 314 (2009) (citation omitted). If Respondents' interpretation is correct and § 1225(b)(2) mandates detention of **any** alien present in the country and who has not been admitted, § 1226(c)(1)(E) would be meaningless because all aliens who are present in the country and have not been admitted would already be subject to mandatory detention under § 1225(b)(2). *See* 8 U.S.C. §§ 1225(a)(1), 1182(a)(6)(A)(i). The Court will decline to interpret § 1225(b)(2) in a manner that renders § 1226(c)(1)(E) superfluous.

Third, the record evidence—namely, the Notice to Appear—supports the conclusion that § 1226 applies. As in *Maldonado*, where the court determined that § 1226 governed because the Notice to Appear stated that petitioner was an alien who was present in the United States without being admitted or paroled, 2025 WL 2374411, at *11, here, Petitioner's Notice to Appear checked the box marked "You are an alien present in the United States who has not been admitted or paroled" but not the box marked "You are an arriving alien." (*See* Ligon Decl. ¶ 6, Ex. B.) Consistent with *Maldonado*, the Court finds that the under the plain text of the Notice to Appear, § 1226 governs.

For these reasons, the Court finds that Petitioner is not subject to mandatory detention under § 1225(b)(2)(A). Rather, § 1226 applies, and Petitioner is being unlawfully denied a bond hearing under § 1226(a).

**CONCLUSION**

Because the Court has jurisdiction and the Petitioner's detention is governed by § 1226(a), the Court will order that the Petitioner be provided a bond hearing.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Samuel Olson, Director, St. Paul Field Office Immigration and Customs Enforcement, is hereby **JOINED as a Respondent**, pursuant to Federal Rule of Civil Procedure 21.

2. Petitioner Joaquin Herrera Avila's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

   b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

3. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing.  If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and permit transfer of Petitioner.

4. Petitioner's Motion for Temporary Restraining Order [Docket No. 4] is **DENIED as moot**.

16

5. Within 3 days of the date of this Order, the parties shall file any requests for

   redaction.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  October 21, 2025
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                              United States District Judge

17

# UNITED STATES DISTRICT COURT

## District of Minnesota

Joaquin Herrera Avila

                        Petitioner(s),

v.

Pamela Bondi, Kristi Noem, Todd M. Lyons,
Sirce Owen, Peter Berg, Ryan Shea,
Immigration Customs Enforcement, Executive
Office for Immigration Review, Department of
Homeland Security, Samuel Olson

                        Respondent(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 25-cv-3741 JRT/SGE

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried
   and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have
   been tried or heard and a decision has been rendered.

   IT IS ORDERED AND ADJUDGED THAT:

1. Samuel Olson, Director, St. Paul Field Office Immigration and Customs

Enforcement, is hereby **JOINED as a Respondent**, pursuant to Federal Rule of

Civil Procedure 21.

2. Petitioner Joaquin Herrera Avila's Verified Petition for Writ of Habeas Corpus

[Docket No. 1] is **GRANTED**, as follows:

   a.    Petitioner is not subject to mandatory detention under 8 U.S.C.

         § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the

         discretionary provisions of 8 U.S.C. § 1226(a);

   b.    Respondents shall provide Petitioner with a bond hearing in accordance

         with 8 U.S.C. § 1226(a) within 7 days of the date of this Order in which

         the parties will be allowed to present evidence and argument about

whether Petitioner is a danger to the community and presents a flight risk if not detained;

c.   If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

d.   Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

3. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

4. Petitioner's Motion for Temporary Restraining Order [Docket No. 4] is **DENIED as moot**.

5. Within 3 days of the date of this Order, the parties shall file any requests for redaction.

Date: 10/22/2025                          _____
                                          KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.



## Prisoner Appeals

The Court has four different guides concerning prisoner litigation, one for each of the following: civil rights (Section 1983/<u>Bivens</u>); Section 2254 habeas petition for persons in state custody; Section 2255 motion to vacate, set aside or correct sentence for persons in federal custody; and Section 2241 habeas petition for persons in federal custody and state pre-trial detainees. For more information on your specific type of case, please consult the applicable guide. You may obtain a copy of the guides by contacting the Clerk's Office using the contact information provided at the end of this document.

**When can I file an appeal in a prisoner case?**

Generally, you may file an appeal after you have obtained the final judgment in your case. <u>Federal Rule of Appellate Procedure 4(a)</u> governs when a notice of appeal in a civil case must be filed. Notices of appeal must be filed with the district court within 30 days of when the judgment or order appealed from is entered. See <u>Rule 4(a)(1)(A), Rules of Appellate Procedure</u>. When the United States or its officer or agency is a party, such as in a 2255 motion, the notice of appeal may be filed within 60 days after the judgment or order appealed from is entered. <u>See</u> Rule 4(a)(1)(B), Rules of Appellate Procedure.

There is an exception to this rule, however, if your case concerns a habeas corpus petition under <u>28 U.S.C. §§ 2254</u> or 2255. To file an appeal in a habeas corpus action, you must first receive: (1) a final order that is adverse to you; and (2) a certificate of appealability from the district judge in the final order of your case. <u>See</u> Rule 11, Rules Governing § 2254 Cases and Rule 11, Rules Governing § 2255 Proceedings. If the district court denies the certificate, you must seek a certificate of appealability from the Court of Appeals under <u>Federal Rule of Appellate Procedure 22</u> when filing your appeal.

**What do I need to do to file an appeal?**

1. File a Notice of Appeal with the district court; and
2. Pay the $605.00 filing fee **OR** request to waive the filing fee by submitting a completed "Prisoner Affidavit Accompanying Motion for Permission To Appeal" In Forma Pauperis."

   **§ § 2241 and 2254 Cases:** If you were granted IFP status by the district court in your habeas case, you do not need to submit another IFP application with your notice of appeal.



**§ 2255 Cases:** If you were represented by appointed counsel at the end of your criminal case, you do not need to submit an IFP application on appeal because the filing fee for your appeal will automatically be waived, unless the judge specifically rules otherwise.

**Prisoner Civil Rights Cases:** You must submit another IFP application with your notice of appeal because the Court must determine the initial partial filing fee and subsequent installment payments required under the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(b).

You may contact the Clerk's Office to obtain a Notice of Appeal form.  For information on filing a notice of appeal, review Rules 3 and 4 of the Federal Rules of Appellate Procedure.

If the district court denies your IFP application on appeal, you may appeal this determination to the Eighth Circuit Court of Appeals by filing a Motion and Affidavit for Permission to Appeal in Forma Pauperis.  You may obtain a copy of this form by contacting the Clerk of Court for the Eighth Circuit Court of Appeals at the following address and phone number:

Eighth Circuit Court of Appeals Clerk's Office
Thomas F. Eagleton Courthouse
Room 24.329
111 South 10th Street
St. Louis, MO 63102

Phone: (314) 244-2400

**How do I contact the District Court Clerk's Office?**

United States District Court, District of Minnesota Clerk's Office
U.S. Courthouse
300 South Fourth Street, Suite 202
Minneapolis, MN 55415

Phone: (612) 664-5000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Plaintiff(s),

vs.                                          Case No.

Defendant(s).

### **NOTICE OF APPEAL**

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that the following parties (provide the names of all parties who are filing an appeal):

in the above-named case appeal to the United States Court of Appeals for the Eighth Circuit. The above-named parties appeal from the                          (indicate whether the appeal is from a *judgment* or an *order* of the District Court) of the U.S. District Court for the District of Minnesota that was entered on                          (date judgment or order was entered) that:

(If the appeal is from an *order*, provide brief explanation, below, of the District Court's decision in the order.  If you are appealing only a portion of the judgment or order, indicate below which part of the judgment or order you are appealing).

Signed this                    day of

                    Signature of Party    _____

                    Mailing Address

                    Telephone Number

<u>Note</u>:   All parties filing the appeal must date and sign the Notice of Appeal and provide his/her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his/her spouse and minor children if they are parties to the case.  <u>Fed. R. App. P. 3(c)(2)</u>. Attach additional sheets of paper as necessary.

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MINNESOTA

_____
Plaintiff/Petitioner

v.                                    Case Number: _____

_____
Defendant/Respondent

# Application to Proceed *In Forma Pauperis*

A litigant unable to afford the filing fee upon commencing a case in the District of Minnesota or an appeal may use this application to request *in forma pauperis* status. The application will request information regarding your current and recent income, expenses, and assets. This information will be used by the Court in determining whether you qualify financially for *in forma pauperis* status.

You are required below to attest—under penalty of perjury—that the information you have provided on this application is true. If you are granted *in forma pauperis* status but later found to have submitted false information on your application, your *in forma pauperis* status may be revoked and your case may be dismissed.

**If you are a prisoner within the meaning of 28 U.S.C. § 1915(h)**, you will be required to pay the full amount of the statutory filing fee for any non-habeas civil action or appeal that you initiate, even if you qualify for *in forma pauperis* status. That said, *in forma pauperis* status will allow you to pay the filing fee in installments over time rather than all at once. The first payment will be immediately after filing your case. To calculate the amount of your initial payment, the Court must know the average deposits to and average balance of your prison trust account for the six months before you filed this lawsuit. You may request this information from prison officials by submitting the final page of this application to those officials for them to complete.

Application to Proceed *In Forma Pauperis* – United States District Court for the District of Minnesota

1.  **Income**.  For both you and your spouse (if you share income), provide your gross income for the previous 12 months and your expected income for next month.  Your gross income is your income before taxes and other deductions are removed from your pay.

| Source of Income | Previous 12 Months | | Expected Next Month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | | | | |
| Retirement | | | | |
| Disability | | | | |
| Unemployment | | | | |
| Public Assistance | | | | |
| Alimony and Child Support | | | | |
| Other (*gifts, interest, rental income, or any other income*) | | | | |
| Total: | | | | |

2.  **Employment**.  List your employment history and your spouse's employment history (if you share income) for the past year.

| Employer | Address | Dates of employment | Gross monthly pay (before taxes and deductions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Application to Proceed *In Forma Pauperis* – United States District Court for the District of Minnesota

3. **Assets**.  How much cash do you and your spouse have?  $ _____

State below any money you or your spouse (if you share assets) have in a financial institution, such as a checking, savings, or investment account.

| Financial institution | Type of account | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4. **Dependents**.  List the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Application to Proceed *In Forma Pauperis* – United States District Court for the District of Minnesota

**5.  Expenses**.  Estimate the regular monthly expenses for you, your spouse, and the persons who rely upon you for your support.

| Expense | Amount |
|---|---|
| Rent or home-mortgage payment (including property taxes and insurance if applicable) | |
| Utilities | |
| Food | |
| Medical and dental expenses | |
| Installment payments (vehicle, credit cards, personal loans, etc.) | |
| Alimony, maintenance, and support paid to others | |
| Other regular monthly expenses | |
| **Total:** | |

**6.  Other factors (use additional blank pages if necessary)**.  Do you expect any major changes to your income, expenses, or assets in the next 12 months?  If yes, please explain.

Provide any other information that will help explain why you cannot pay the costs of these proceedings.

**7. Previous *in forma pauperis* applications**. Have you applied for *in forma pauperis* status in any other proceeding in federal court in the past five years? If so, please list each case in which you sought *in forma pauperis* status and whether the application was granted.

| Case Number | District | Was the application granted? |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

8. **Affidavit**. By signing and dating this application below, you are attesting to the following:

> I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I further declare under penalty of perjury that the information in this application is true, and I understand that a false statement may result in dismissal of my claims.

Signature: _____    Date: _____

**FOR USE IN PRISONER CASES ONLY**: The following Certificate must be completed and signed by a prison official authorized to provide information regarding the prisoner's facility trust account.  The information provided in the Certificate will be used by the Court in determining the initial partial filing fee owed by the prisoner 28 U.S.C. § 1915(b). The Certificate must be filed with a prisoner's application to proceed *in forma pauperis*.

If financial information cannot be provided for the prior six months (for example, if the applicant has not been incarcerated for six months), please indicate this below and provide the average monthly deposits and balances during the period for which the  information can be provided.

# Certificate of Authorized Prison Official

I, _____, certify that the applicant, _____, ID # _____, has the sum of $ _____ on account to his or her credit at _____ (name of institution), not including gate savings or other amounts that are unavailable to the applicant at this time.

I further certify that during the past six months, the average monthly deposits to the applicant's facility trust account was $ _____, and the average monthly balance of that account was $ _____.

Signature: _____        Date: _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Herrera Avila, et al., | )    Civil Action No: 0:25-cv-03741-JRT-SGE |
| | ) |
| v. | ) |
| | ) |
| Pamela Bondi, et al. | ) |

## NOTICE OF APPEAL

NOTICE is hereby given that Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Sirce Owen, in her official capacity as Acting Director of the Executive Office for Immigration Review; Peter Berg, in his official capacity as Director, Fort Snelling Field Office, Immigration and Customs Enforcement; Samuel Olson, in his official capacity as Director, St. Paul Field Office, Immigration and Customs Enforcement; Immigration Customs Enforcement; Executive Office for Immigration Review; and Department of Homeland Security, hereby appeal to the United States Court of Appeals for the Eighth Circuit from the final judgment entered by the United States District Court for the District of Minnesota on October 22, 2025 (ECF No. 15), including the district court's memorandum opinion and order issued on October 21, 2025 (ECF No. 14).

Dated:  November 7, 2025

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

*S/  Ana H. Voss*
BY:  ANA H. VOSS
Assistant U.S. Attorney
Attorney ID No.  483656DC
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Email: Ana.Voss@usdoj.gov

2



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal
Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy
U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal
Building and U.S. Courthouse
and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S.
Courthouse and Federal
Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:    November 7, 2025

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:    Amy, U.S. District Court-Minnesota

In Re:   District Court Case No.:  25-cv-3741 JRT/SGE
         Eighth Circuit Case No.:  Not yet assigned
         Case Title:  Herrera Avila v. Bondi et al

The statutory filing fee has:
      ☐been paid, receipt number:
      ☐not been paid as of
            IFP    ☐is    ☐is not pending
      ☒been waived because:
          ☒ USA filed Appeal

Length of Trial:  N/A

Was a court reporter utilized?   ☒Yes   ☐No
      If yes, please identify the court reporter:
          Lori Simpson – (612) 664-5104