# No. 25-3248

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

**JOAQUIN HERRERA AVILA
Petitioner-Appellee,**

**v.**

**PAMELA BONDI, ET. AL.,
Respondents-Appellants.**

**REPLY TO PETITIONER'S OPPOSITION TO
RESPONDENTS' MOTION TO EXPEDITE
CONSIDERATION OF APPEAL
AND PROPOSED BRIEFING SCHEDULE**

## <u>INTRODUCTION</u>

Respondents-Appellants moved the Court to expedite consideration of this appeal, including the scheduling of any oral argument. Petitioner-Appellee opposes any effort to accelerate these proceedings claiming that Respondents are acting inconsistently by moving to extend the briefing schedule in a similar case currently pending before this Court, staying proceedings in a similar case pending in another circuit on account of the recent lapse in government funding, and engaging in supposedly questionable conduct in two other circuits. At every turn,

Petitioner portrays Respondents' actions in an unfair light, and thus, fails to offer any credible justification for this Court to deny the motion to expedite.

## BACKGROUND

This appeal raises a significant and recurring issue of statutory interpretation regarding the Department of Homeland Security's ("DHS" or "Department") detention authority under the Immigration and Nationality Act. Petitioner is an alien who entered the United States without admission, was detained by DHS, and requested a bond hearing with an immigration judge. Consistent with DHS's interpretation and Board of Immigration of Appeals precedent, the immigration judge concluded that Petitioner is subject to mandatory detention under the Immigration and Nationality Act, 8 U.S.C. §§ 1225(a)(1), 1225(b)(2), and ineligible for bond. The district court rejected the Department's interpretation of its statutory authority, granted Petitioner's writ of *habeas corpus*, and ordered the agency to provide Petitioner a bond hearing.

## ARGUMENT

Petitioner's first basis for opposing expedited consideration of this appeal is an allegation that Respondents are acting inconsistently based upon the government having sought an extension of filing deadlines in *Garcia v. Bondi*, *et. al.*, No. 25-3187 (8th Cir.). *See Avila v. Bondi, et. al.*, No. 25-3248 (8th Cir.), Doc. 8 ("Petitioner's Opposition") at 3. *Garcia* is an appeal of a temporary restraining

2

order granted by the United States District Court for the District of Minnesota, and like many of the hundreds of such cases currently pending throughout the nation, reached this Court based a protective notice of appeal. In contrast, the appeal here involves a decision growing out of an agreement by the parties under which the lower court bypassed the temporary restraining order request and issued a ruling on the merits of the *habeas corpus* petition. *Avila,* No. 25-3248, Doc 2. Expediting a ruling in this case will immediately "get to the heart of the matter" by having the Court definitively state its position on the reach of the Department's detention authority. The Court's decision in Petitioner's case will then be available, one way or the other, to conserve dwindling judicial resources by quickly and efficiently resolving the wave of virtually identical cases currently working their way through the district courts across this Circuit.

Additionally, the government's motion for an extension in *Garcia* reached this Court on November 17, 2025, a mere four days after the restoration of government funding. *Garcia,* No. 25-3187*,* Doc 4. The basis for the delay stemmed from the fact that the protective notice of appeal was filed during the forty-three-day-long government shutdown, which hampered the Office of Solicitor General's efforts to authorize appeal of the temporary restraining order. Furthermore, the *Garcia* scenario continues to play itself out in an overwhelming multitude of cases throughout the nation involving aliens detained under Section

3

1225.  Although Respondents' motion to expedite in the case at bar reached the Court on the same day as the motion to extend in *Garcia,* this situation differs in that Respondents' request offered no representations concerning any limitations on securing authority to seek appeal and the particular government offices responsible for prosecuting this appeal have returned to normal operations.  *Avila*, No. 25-3248, Doc. 6.  The fact that Respondents' appeal reached its current posture with greater alacrity than other matters pending before this Court, and others yet to be docketed, neither weighs against expediting this case nor represents any sort of underhanded conduct by Respondents.

Moving on, Petitioner points to the government having moved for a stay in *Martinez v. Hyde*, No. 25-1902 (1st Cir.), as inconsistent with its claim of urgency in this appeal.  Petitioner's Opposition at 3-4.  The motion in *Martinez* was filed on October 10, 2025, in the midst of a lapse in government funding at a point in time when 31 U.S.C. § 1342 narrowed the work of Federal employes to "emergencies involving the safety of human life or the protection of property."  Forty-seven days later, when Respondents filed their motion to expedite this appeal, the landscape for government funding and operations was vastly different.  Petitioner's attempt to link two filings, from two different cases, in two different circuits, that took place over one month apart and under the polar opposite of circumstances falls wide of its intended mark.

Appellate Case: 25-3248    Page: 4    Date Filed: 11/21/2025 Entry ID: 5581251

Changing tacks, Petitioner questions the government's conduct before United States Court of Appeals for the Fifth Circuit where the Respondents filed motions to consolidate *Padron Covarrubias v. Vergara*, No. 25-40701 (5th Cir.), with *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir.). What Petitioner's Opposition omits is that the two appeals in question not only involved identical issues, but identical counsel on both sides as well. Consequently, Federal Rule of Appellate Procedure 3(b)(2) encourages consolidation. Worse yet, Petitioner's representation that "the Fifth Circuit denied this request," *see* Petitioner's Opposition at 4, is at odds with the order he attaches as Exhibit G, which plainly says the "motion to consolidate Case Nos. 25-20496 and 25-40701 is GRANTED" (emphasis in original).

Lastly, Petitioner accuses the government of "gamesmanship" before the United States Court of Appeals for the Sixth Circuit by asking the court to hold the appeals in *Lopez-Camos v. Raycraft*, No. 25-1965 (6th Cir.), and *Contreras-Cervantes v. Raycraft*, No. 25-1978 (6th Cir.), in abeyance while seeking an expedited briefing schedule in the virtually identical case of *Pizarro Reyes v. Raycraft*, No. 25-1982 (6th Cir.). Petitioner's Opposition at 4-5. Although Petitioner attached the *Lopez-Campos* and *Contreras-Cervantes* motions to his Opposition, *see* Petitioner's Opposition at Exs. H and I, his representations to this Court neglect to mention that in both motions the government made clear that it

5

sought abeyance in the interests of justice and as a means of preserving judicial economy by avoiding having separate panels of the Sixth Circuit reach divergent conclusions thus necessitating the consideration of the issues at stake *en banc*. As is the case before this Court, the government's approach before the Sixth Circuit has been transparent, legitimate, and targeted at conserving ever precious judicial resources in the face of hundreds of detention cases. Accordingly, Petitioner's allegations of "gamesmanship" should fall on deaf ears.

At the end of the day, good cause exists to justify expedited consideration as the lower court's order implicates a significant and widely impactful question of statutory interpretation and directly restrains the government's operation and implementation of its statutory detention authority. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (recognizing that the government "suffers a form of irreparable injury" "[a]ny time [it] is enjoined by a court from effectuating statutes enacted by representatives of its people.") (Roberts, C.J., in chambers) (citation omitted). The need for swiftness is only heightened by the ever-growing number of cases pending before the district courts as well as this Court raising this exact same question of DHS's statutory detention authority. This Court's prompt resolution of this important and recurring question is absolutely needed to ensure clarity prevails within this circuit.

Appellate Case: 25-3248    Page: 6    Date Filed: 11/21/2025 Entry ID: 5581251

# <u>CONCLUSION</u>

Accordingly, Respondents-Appellants request that the Court grant the

motion to expedite and set the following briefing schedule for the appeal:

**Opening Brief:** December 1, 2025

**Answering Brief:** December 31, 2025

**Reply Brief:** January 16, 2026

In addition, Respondents-Appellants request that the Court schedule this appeal for

oral argument during the February 9-13, 2026, sitting, or at an earlier time of the

Court's preference.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE | */s/Russell J.E. Verby* |
| Assistant Attorney General | RUSSELL J.E. VERBY |
| Civil Division | Senior Litigation Counsel |
| | Office of Immigration Litigation |
| DREW C. ENSIGN | Civil Division, U.S. Dept. of Justice |
| Deputy Assistant Attorney General | P.O. Box 878, Ben Franklin Station |
| | Washington, DC 20044 |
| BENJAMIN HAYES | Tel: (202) 616-4892 |
| Senior Counsel to the Assistant | russell.verby@usdoj.gov |
| Attorney General | |
| ANTHONY P. NICASTRO | BROOKE MAURER |
| Assistant Director | Trial Attorney |
| Office of Immigration Litigation | Office of Immigration Litigation |
| November 21, 2025 | Attorneys for Respondents-Appellants |

7

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Times New Roman type, is proportionally spaced and contains 1,558 words, exclusive of the tables of contents and citations and certificates of counsel.

*/s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4892
russell.verby@usdoj.gov

November 21, 2025                    Attorney for Respondents-Appellants

# CERTIFICATE OF SERVICE

I certify that on November 21, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through that system.

*/s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4892
russell.verby@usdoj.gov