# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

JOAQUIN HERRERA AVILA,

    Petitioner-Appellee,

    v.                                      Case No. 25-3248

PAMELA BONDI, ATTORNEY GENERAL, et al.,

    Respondents-Appellants.

---

## ADDENDUM TABLE OF CONTENTS

---

| Document | Page Number |
|---|:---:|
| 8 U.S.C. § 1226 | A1 |
| 8 U.S.C. § 1225 | A5 |

# ADDENDUM

## Key Provisions of Immigration and Nationality Act (INA)

*<u>Note</u>: The text in red below reflects the amendments made by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).*

**8 U.S.C. § 1226 - Apprehension and detention of aliens**

**(a) Arrest, detention, and release**

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

> **(1)** may continue to detain the arrested alien; and

> **(2)** may release the alien on—

>> **(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

>> **(B)** conditional parole; but

> **(3)** may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

**(b) Revocation of bond or parole**

The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.

**(c) Detention of criminal aliens**

> **(1) Custody**

> The Attorney General shall take into custody any alien who—

A1

**(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

**(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

**(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, ~~or~~

**(D)** is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or

**(E)**

> **(i)** is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

> **(ii)** is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

**(2) Definition**

For purposes of paragraph (1)(E), the terms "burglary", "theft", "larceny", "shoplifting", "assault of a law enforcement officer", and "serious bodily injury" have the meanings given such terms in the jurisdiction in which the acts occurred.

**(3) Detainer**

The Secretary of Homeland Security shall issue a detainer for an alien described in paragraph (1)(E) and, if the alien is not otherwise detained by the

A2

Federal, State, or local officials, shall effectively and expeditiously take custody of the alien.

**(24) Release**

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

**(d) Identification of criminal aliens**

**(1)** The Attorney General shall devise and implement a system—

**(A)** to make available, daily (on a 24-hour basis), to Federal, State, and local authorities the investigative resources of the Service to determine whether individuals arrested by such authorities for aggravated felonies are aliens;

**(B)** to designate and train officers and employees of the Service to serve as a liaison to Federal, State, and local law enforcement and correctional agencies and courts with respect to the arrest, conviction, and release of any alien charged with an aggravated felony; and

**(C)** which uses computer resources to maintain a current record of aliens who have been convicted of an aggravated felony, and indicates those who have been removed.

**(2)** The record under paragraph (1)(C) shall be made available—

**(A)** to inspectors at ports of entry and to border patrol agents at sector headquarters for purposes of immediate identification of any alien who was previously ordered removed and is seeking to reenter the United States, and

**(B)** to officials of the Department of State for use in its automated visa lookout system.

**(3)** Upon the request of the governor or chief executive officer of any State, the Service shall provide assistance to State courts in the identification of aliens unlawfully present in the United States pending criminal prosecution.

## (e) Judicial review

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention ~~or release~~ of any alien or the ~~grant,~~ revocation~~,~~ or denial of bond or parole.

## (f) Enforcement by attorney general of a State

The attorney general of a State, or other authorized State officer, alleging an action or decision by the Attorney General or Secretary of Homeland Security under this section to release any alien or grant bond or parole to any alien that harms such State or its residents shall have standing to bring an action against the Attorney General or Secretary of Homeland Security on behalf of such State or the residents of such State in an appropriate district court of the United States to obtain appropriate injunctive relief. The court shall advance on the docket and expedite the disposition of a civil action filed under this subsection to the greatest extent practicable. For purposes of this subsection, a State or its residents shall be considered to have been harmed if the State or its residents experience harm, including financial harm in excess of $100.

**8 U.S.C. § 1225 - Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing**

**(a) Inspection**

**(1)** Aliens treated as applicants for admission

An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

**(2)** Stowaways

An arriving alien who is a stowaway is not eligible to apply for admission or to be admitted and shall be ordered removed upon inspection by an immigration officer. Upon such inspection if the alien indicates an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview under subsection (b)(1)(B). A stowaway may apply for asylum only if the stowaway is found to have a credible fear of persecution under subsection (b)(1)(B). In no case may a stowaway be considered an applicant for admission or eligible for a hearing under section 1229a of this title.

**(3)** Inspection

All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers.

**(4)** Withdrawal of application for admission

An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States.

Appellate Case: 25-3248    Page: 6    Date Filed: 01/16/2026 Entry ID: 5598229

**(5)** Statements

An applicant for admission may be required to state under oath any information sought by an immigration officer regarding the purposes and intentions of the applicant in seeking admission to the United States, including the applicant's intended length of stay and whether the applicant intends to remain permanently or become a United States citizen, and whether the applicant is inadmissible.

## (b) Inspection of applicants for admission

**(1)** Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled

**(A)** Screening

**(i)** In general

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

**(ii) – (iii)** [OMITTED]

**(B)** Asylum interviews

**(i)** Conduct by asylum officers

An asylum officer shall conduct interviews of aliens referred under subparagraph (A)(ii), either at a port of entry or at such other place designated by the Attorney General.

**(ii)** Referral of certain aliens

A6

Appellate Case: 25-3248    Page: 7    Date Filed: 01/16/2026 Entry ID: 5598229

If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum.

**(iii)** Removal without further review if no credible fear of persecution

**(I) – (III)** [OMITTED]

**(IV)** Mandatory detention

Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.

**(iv) – (v)** [OMITTED]

**(C) – (G)** [OMITTED]

**(2) Inspection of other aliens**

**(A)** In general

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

**(B)** Exception

Subparagraph (A) shall not apply to an alien—

**(i)** who is a crewman,

**(ii)** to whom paragraph (1) applies, or

**(iii)** who is a stowaway.

A7

Appellate Case: 25-3248    Page: 8    Date Filed: 01/16/2026 Entry ID: 5598229

**(C)** Treatment of aliens arriving from contiguous territory

In the case of an alien described in subparagraph (A) who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title.

**(3)** Enforcement by attorney general of a state

The attorney general of a State, or other authorized State officer, alleging a violation of the detention and removal requirements under paragraph (1) or (2) that harms such State or its residents shall have standing to bring an action against the Secretary of Homeland Security on behalf of such State or the residents of such State in an appropriate district court of the United States to obtain appropriate injunctive relief. The court shall advance on the docket and expedite the disposition of a civil action filed under this paragraph to the greatest extent practicable. For purposes of this paragraph, a State or its residents shall be considered to have been harmed if the State or its residents experience harm, including financial harm in excess of $100.

**(4)** Challenge of decision

The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

**(c) Removal of aliens inadmissible on security and related grounds**

**(1)** Removal without further hearing

If an immigration officer or an immigration judge suspects that an arriving alien may be inadmissible under subparagraph (A) (other than clause (ii)), (B), or (C) of section 1182(a)(3) of this title, the officer or judge shall—

**(A)** order the alien removed, subject to review under paragraph (2);

A8

**(B)** report the order of removal to the Attorney General; and

**(C)** not conduct any further inquiry or hearing until ordered by the Attorney General.

**(2)** [OMITTED]

**(3)** Submission of statement and information

The alien or the alien's representative may submit a written statement and additional information for consideration by the Attorney General.

**(d)** Authority relating to inspections

**(1)** Authority to search conveyances

Immigration officers are authorized to board and search any vessel, aircraft, railway car, or other conveyance or vehicle in which they believe aliens are being brought into the United States.

**(2)** Authority to order detention and delivery of arriving aliens

Immigration officers are authorized to order an owner, agent, master, commanding officer, person in charge, purser, or consignee of a vessel or aircraft bringing an alien (except an alien crewmember) to the United States—

**(A)** to detain the alien on the vessel or at the airport of arrival, and

**(B)** to deliver the alien to an immigration officer for inspection or to a medical officer for examination.

**(3)** Administration of oath and consideration of evidence

The Attorney General and any immigration officer shall have power to administer oaths and to take and consider evidence of or from any person touching the privilege of any alien or person he believes or suspects to be an alien to enter, reenter, transit through, or reside in the United States or concerning any matter which is

A9

material and relevant to the enforcement of this chapter and the administration of the Service.

**(4)** Subpoena authority

**(A)** The Attorney General and any immigration officer shall have power to require by subpoena the attendance and testimony of witnesses before immigration officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service, and to that end may invoke the aid of any court of the United States.

**(B)** Any United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer may, in the event of neglect or refusal to respond to a subpoena issued under this paragraph or refusal to testify before an immigration officer, issue an order requiring such persons to appear before an immigration officer, produce books, papers, and documents if demanded, and testify, and any failure to obey such order of the court may be punished by the court as a contempt thereof.

A10