# No. 25-3248

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

JOAQUIN HERRERA AVILA
Petitioner-Appellee,

v.

KRISTI NOEM, ET AL.,
Respondents-Appellants.

**OPPOSED EXPEDITED MOTION TO SUBMIT APPEAL ON THE BRIEFS OR, ALTERNATIVELY, TO FURTHER EXPEDITE ORAL ARGUMENT**

## INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 27 and 34, as well as Circuit Rule 34A(c), Respondents-Appellants (Respondents) request that the Court submit this appeal for decision on the briefs and without oral argument, to enable the Court to issue a decision as expeditiously as possible. Should the Court desire to proceed with oral argument, Respondents request, in the alternative, that the Court further expedite the scheduling of argument, including by conducting argument via a remote videoconferencing platform.

1

As the Court is aware, this appeal raises an important and pressing issue of statutory interpretation regarding the Department of Homeland Security's authority and obligation to detain aliens pending their removal proceedings. *See generally* Mot. to Expedite Appeal (Nov. 17, 2025). In recognition of the pressing need for appellate resolution of this issue, this Court granted Respondents' motion to expedite this appeal. Order (Dec. 12, 2025). Consistent with that order, the parties have now fully briefed this appeal on the expedited schedule entered by the Court, with Respondents filing their reply brief on January 23, 2026. The Court has not yet scheduled oral argument.

This Court's resolution of the legal issues in this appeal is urgently needed to bring clarity to the law of this Circuit. The exact same question of the scope of DHS's statutory detention obligations is at the heart of hundreds, if not thousands, of habeas suits that have been filed in district courts over just the last few months, including in this Circuit. For example, over 427 new habeas cases have been filed in the District of Minnesota *in this month alone*. *See* Declaration of Daniel N. Rosen ("Rosen Decl.") ¶3 (**Exhibit A**). That is on top of the more than 100 habeas cases filed in that District during the second half of 2025. *Id*.

The sheer number of cases, especially in light of the substantial increase in this month alone, is imposing a crushing burden on U.S. Attorney's Offices. Rosen Decl. ¶3. This has, in turn, compelled U.S. Attorney's Offices to shift resources

2

away from other critical priorities, including criminal matters. *Id*. ¶4. "The MN-USAO has cancelled all [affirmative civil enforcement] work and any other affirmative priorities." *Id*. Further, Assistant United States Attorneys in the District of Minnesota "are appearing daily for hearings on contempt motions," with district courts "setting deadlines within hours, including weekends and holidays." *Id*. Attorneys and support staff "are continuously working overtime" all while the Civil Division in the U.S. Attorney's Office is at 50% capacity. *Id*.

In short, this Court's immediate resolution of this issue is imperative. Accordingly, Respondents respectfully request that the Court decide this appeal on the briefs (without oral argument) and issue a decision as expeditiously as possible. Respondents believe that the facts and legal arguments are adequately presented in the briefs to allow the Court to resolve this appeal.

Alternatively, if the Court wishes to hold oral argument, Respondents respectfully request the Court schedule argument as expeditiously as possible, including by using a videoconference platform at the earliest available date.

Counsel for Petitioner-Appellee indicated that Petitioner-Appellee opposes the relief requested in this motion.

## CONCLUSION

The Court should grant Respondents' motion to decide this appeal on the briefs without oral argument, or in the alternative, to schedule oral argument at the soonest date possible.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BENJAMIN HAYES
*Senior Counsel to the Assistant Attorney General*

ANTHONY P. NICASTRO
Assistant Director

 s/Russell J.E. Verby
RUSSELL J.E. VERBY
Senior Trial Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 616-4892

January 30, 2026

*Counsel for Respondents-Appellants*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Times New Roman type, is proportionally spaced and contains 546 words.

                                        *s/Russell J.E. Verby*
                                        RUSSELL J.E. VERBY
                                        Senior Trial Counsel
                                        Office of Immigration Litigation
January 30, 2026                        Attorney for Respondents-Appellants

**EXHIBIT A**

No. 25-3248

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

JOAQUIN HERRERA AVILA,

*Petitioner-Appellee,*

v.

PAMELA BONDI *et al.*,

*Respondents-Appellants.*

On Appeal from the United States District Court
for the District of Minnesota
No. 25-cv-03741 (Tunheim, J.)

## DECLARATION OF Daniel N. Rosen

I, Daniel N. Rosen, hereby declare as follows:

1. I am the U.S. Attorney for the District of Minnesota. I have served as U.S. Attorney since October of 2025. I make this declaration in support of the Motion to Submit Appeal on the Briefs or, Alternatively, to Further Expedite Oral Argument in *Herrera Avila v. Noem*, No. 25-3248 ("*Herrera*").

2. *Herrera* raises a significant and recurring issue of statutory interpretation regarding the obligation of the Department of Homeland Security ("DHS") to detain aliens under 8 U.S.C. § 1225(b)(2)(A), pending

their removal proceedings. This Court's resolution of the proper interpretation of 8 U.S.C. § 1225(b)(2)(A) is desperately needed.

3. In this month alone, over 427 habeas cases have been filed in this District. That is in addition to the 100+ cases filed in the second half of 2025. This flood of new litigation imposes an enormous burden on this U.S. Attorney's Office. The pace of such cases is expected to continue.

4. To respond to this wave of habeas petitions, this Office has been forced to shift its already limited resources from other pressing and important priorities. The MN-USAO has cancelled all ACE work and any other affirmative priorities and is operating in a reactive mode. AUSAs are appearing daily for hearings on contempt motions. The Court is setting deadlines within hours, including weekends and holidays. Paralegals are continuously working overtime. Lawyers are continuously working overtime. All this is happening while the MN-USAO Civil division is down 50%.

5. The burden of this flood of new lawsuits not only falls on the Government, but also on the District Court. Those courts' resources have been significantly strained as a result of having to process and adjudicate the hundreds of habeas petitions challenging DHS's detention authority under 8 U.S.C. § 1225(b)(2)(A) that have been filed this year.

6. This Court's expedited review of this significant and recurring issue of statutory interpretation is urgently needed. Absent expedited review, the resources of this Office will continue to be drained as hundreds more habeas petitions are filed, and the other important responsibilities and other priorities will be compromised.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

United States Attorney

## CERTIFICATE OF SERVICE

I certify that on January 30, 2026, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through that system.

January 30, 2026

*s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Trial Counsel
Office of Immigration Litigation
Attorney for Respondents-Appellants