CASE NO. 25-3248

**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**

**JOAQUIN HERRERA AVILA**
Petitioner – Appellee
v.
**KRISTI NOEM, ET AL.,**
Respondent – Appellants,

On Appeal from the United States District Court for Minnesota
Case No. 25-12546 (Hon. John Tunheim)

**PETITIONER'S OPPOSITION TO MOTION OF SUBMIT APPEAL ON BRIEF OR FURTHER EXPEDITE ORAL ARGUMENT**

# INTRODUCTION

The government comes before the Court to request that the Court abandon all procedural norms to expedite the disposition of this matter. Specifically, the government asks to submit the matter on the briefs without argument, or in the alternative, schedule the matter so the parties or the Court can appear through alternate means. The Court already granted the government's motion to expedite the processing of this matter. *See* Order (Dec. 12, 2025). The parties agreed that oral argument should be scheduled because this appeal raises a significant issue

1

Appellate Case: 25-3248   Page: 1   Date Filed: 02/02/2026 Entry ID: 5603452

regarding the scope of immigration detention statutes that could impact thousands of people in this Circuit and throughout the country. *See* Opening Brief ("OB.") at 3; Answering Brief ("AB.") at 3. The government now argues that the significance of this issue requires deviating from this Court's practice—but that is precisely why the Court should reject the government's motion. The question presented here is a matter of first impression, of significant importance, and implicates the liberty interests of Petitioner-Appellee ("Petitioner") Joaquin Herrera Avila and countless individuals who are similarly situated. The Court must proceed in due course and not subject to the duress of solving the government's self-inflicted woes. Petitioner respectfully requests the Court deny the government's motion and schedule oral argument as other circuits are doing. Petitioner is ready to proceed in-person for oral argument but would not oppose if the government seeks to appear remotely.

## **BACKGROUND**

The procedural history of this case underscores why the government's motion should be rejected. On October 21, 2025, the district court granted Mr. Herrera Avila's habeas petition, holding that 8 U.S.C. § 1226(a) is the applicable detention authority, and ordered immediate release unless a bond hearing was provided within seven days. App. 332–48; R. Doc. 14, at 1–17. Mr. Herrera Avila subsequently had a bond hearing consistent with 8 U.S.C. § 1226(a). App. 351; R. Doc. 16, at 1. The

immigration court set a bond of $7,500.00, which Mr. Herrera Avila paid and the government did not appeal. He is no longer in custody and has since returned to supporting his three U.S. citizen children.

The government did not immediately appeal, nor has it ever sought a stay of habeas grants on this issue. It did not file its appeal until several weeks later, on November 10, 2025. R. Doc. 18, at 1. More importantly, at the time of its November 10, 2025, filing, there were already numerous decisions rendered within this Circuit, rejecting the government's new interpretation of the statutes and agreeing with petitioners that they were bond eligible. *See* Joint Mot. for Judicial Notice, Exh. A (listing 63 decisions, 18 of which predated November 10, 2025). The government appealed four decisions yet chose to dismiss those appeals. *See Mayo Anicasio v. Kramer*, No. 25-3028; *De La Cruz v. Noem*, No. 25-3153; *Francisco Garcia Tiberius v. Bondi*, No. 25-3187; *Escalante v. Bondi*, No. 25-3126. The government could have but did not advance any of these cases ahead of this one.

Over Petitioner's opposition, this Court granted the government's motion to expedite briefing and oral argument with this Court, though it did not grant the government's request for oral argument during the February 9-13, 2026, sitting. *See* Opposed Mot. to Expedite Consideration of Appeal and Proposed Briefing Schedule (Nov. 17, 2025) at 2.

Appellate Case: 25-3248     Page: 3     Date Filed: 02/02/2026 Entry ID: 5603452

Briefing has been complete since January 23, 2026. While the Court had set the government's reply brief to be due on January 20, 2026, the parties jointly agreed to extend that deadline for the government to January 23, 2026, which the Court granted. Joint Mot. for Judicial Notice and Extension of Time (Jan. 16, 2026); Order (Jan. 20, 2026). And despite the expedited briefing schedule, various amici have submitted briefs in support of Petitioner. *See* Br. for *Amici Curiae* Immigration Law Scholars (Jan. 20, 2026); Br. of *Amici Curiae* American Immigration Council and American Immigration Lawyers Association (Jan. 16, 2026). On January 20, 2026, the Court noted that this case has been screened for oral argument.

## **ARGUMENT**

Despite all parties agreeing that the issue in this appeal is significant and will impact potentially thousands of cases, the government now seeks to deviate from its prior request for oral argument and asks to submit this case on the briefs. Petitioner respectfully opposes the government's transparent effort to deny Petitioner's day in court and short-circuit the appellate process. This case has already been expedited and Petitioner is ready to present his case to the Court. The government's motion should be denied as its requests prejudice the interests of Petitioner as well as other litigants with similar cases, and will not aid the Court in evaluating the important issue presented.

## I. RESPONDENTS PRESENT NO GOOD CAUSE FOR SUBMITTING THIS CASE ON THE BRIEFS WITHOUT ORAL ARGUMENT.

The Court should deny Respondent's motion and proceed with this matter consistent with its prior order and based on its current scheduling prioritization standards. Indeed, the government requested oral argument based on the "significant issue" at stake and agreed with Petitioner that "[o]ral argument would assist the Court in resolving this appeal," requesting 20 minutes per side. OB. at 3; *see also* AB. at 3. As the Court is aware from the parties' briefs, this case involves interpreting a number of complicated immigration statutes. The government fails to explain why it no longer believes oral argument would aid the Court in considering this appeal.

Instead, the government relies primarily on the number of habeas petitions being filed raising the same question of the scope of the Department of Homeland Security's ("DHS) authority to detain noncitizens without the possibility of bond. Mot. at 2. But that counsels precisely *against* rushing to a decision without oral argument. Notably, the government does not identify any authority for proceeding as it seeks. With thousands of individuals' liberties on the line, the parties should have the opportunity to answer any questions the Court may have regarding the government's new interpretation of the detention statutes and downstream consequences of that interpretation. *See, e.g.*, AB. at 37 (explaining how "accepting

Appellate Case: 25-3248   Page: 5   Date Filed: 02/02/2026 Entry ID: 5603452

the government's position would *undermine* the [Laken Riley Act]"); *id*. at 41–42 (noting how "the government's new interpretation up-ends other aspects of the immigration system").

This matter has already been expedited and will be scheduled for oral argument imminently.[1] There is no cause to deviate from the Court's practice for resolving questions of similar importance. This is especially the case when, as noted above, the government had opportunities to proceed with the appeals of earlier decisions yet selectively chose to wait to proceed with this one.

There are now appeals pending in nearly every other circuit on the same question of statutory interpretation, though the government has—notably—sought to expedite cases in only certain circuits. *Compare Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094 (1st Cir.) (petitioner's *opposed* motion to expedite pending, which the court granted over the government's opposition); *Rivera Zumba v. Bondi*, No. 25-3328 (3d Cir.) (no motion to expedite); *Lopez Garcia v. Simon*, No. 25-7044 (4th Cir.) (no motion to expedite); *Mendoza Gutierrez v. Baltazar*, No. 25-1460 (10th

---

[1] Three days after the Court noted that this case has been screened for oral argument, Petitioner diligently notified the Court of its conflict dates for the calendar dates for February through May 2026 to assist the Court with navigating its current priorities and scheduling of this argument. *See* Letter (Jan. 23, 2026). The government never notified the Court of its availability though it has ample opportunity to inform the Court about any potential conflicts and travel limitations.

Cir.) (no motion to expedite); *with Barbosa Da Cunha v. Moniz*, No. 25-3141 (2d Cir.) (expedited); *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir.) (expedited); *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir.) (expedited); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050 (7th Cir.) (expedited); *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir.) (expedited); *Alvarez v. Warden, Fed. Detention Ctr. Miami*, No. 25-14065 (11th Cir.) (expedited).

The government's new mandatory detention policy does not uniquely affect this Circuit. Thousands of noncitizens have been subject to no-bond detention since July 2025, forcing noncitizens to file habeas petitions to vindicate their right to a bond hearing under the immigration laws. Yet in all those cases, the parties recognize the importance of the legal issue and those courts are proceeding with oral argument, with some already scheduled in the next few months. *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir.) (February 3); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050 (7th Cir.) (February 3); *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir.) (March 4); *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir.) (March 18).

Petitioner appreciates the strain that the judiciary in Minnesota is experiencing. Petitioner's counsels have similarly been working tirelessly around-the-clock. But what the government omits is that it *controls* the dynamics at issue

7

here. For instance, several class actions have already granted declaratory judgments holding that noncitizens like Petitioner are eligible for bond hearings under § 1226, yet the government has openly defied those orders and continues to subject class members to mandatory detention. *See Singh v. Bowen*, No. 5:26-cv-00016-SSS-BFM, 2026 WL 130587, at *3 (C.D. Cal. Jan. 15, 2026) ("In spite of these conclusions following [*Maldonado Bautista v. Santacruz*], Respondents have continued their course of action in detaining those in the Bond Eligible Class and persist in challenging the class members' right to a bond hearing."). Similarly, Chief Judge Schiltz has underscored immigration authorities' failure to comply with 74 orders in the month of January 2026 alone. *See Juan T.R. v. Noem*, No. 26-cv-107-PJS-DLM (D. Minn. Jan. 28, 2026), Dkt. No. 10.

Other judges have also shared their frustration with the government's behavior and resulting volume of filings to challenge the government's conduct. Chief Judge for Middle District of Georgia, whose district is likewise faced with numerous habeas petitions, observed:

> *Despite these clear and definitive rulings*, the Government *refuses* to provide bond hearings to persons who fall within the parameters of the Court's rulings in J.A.M. and P.R.S. unless the Court orders the Government to do so in each individual case. The volume of these petitions has created an administrative judicial emergency which requires the Court to consider novel solutions to assure that these cases are handled expeditiously.

8

Appellate Case: 25-3248     Page: 8     Date Filed: 02/02/2026 Entry ID: 5603452

Standing Order No. 2026-01 (M.D. Ga. 2026) (emphasis added).[2] Judge Land made it clear that the government is the cause of the current strain on the courts.

In short, the government has failed to justify the extraordinary measures it now demands from this Court to abandon oral arguments and deprive parties of the ability to submit arguments in person, as is expected for important legal questions like the one that all parties agree is at issue here.

## **CONCLUSION**

Petitioner respectfully requests that this Court maintain its current course and deny the government's motion in full. Petitioner has already submitted the availability of his counsel for the upcoming calendars of February through May 2026, and will not oppose the government appearing remotely should it choose.

---

[2] The solution set form in 2026-01 is easily replicated in any district in the United States. The lower courts have the tools to divert matters so they return to the administrative forum quickly. Respondents do not mention any effort to engage any lower court in this Circuit about adopting a similar standing order.

9

Dated: February 2, 2026

Michael K.T. Tan
My Khanh Ngo
Oscar Sarabia Roman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
m.tan@aclu.org
mngo@aclu.org
osarabia@aclu.org

Judy Rabinovitz
Natalie Behr
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
jrabinovitz@aclu.org
IRP_NBehr@aclu.org

Respectfully submitted,

*/s/ David L. Wilson*
David L. Wilson
Cameron Lane Youngs Giebink
Katherine Lourdes Santamaria El Bayoumi
WILSON LAW GROUP
3019 Minnehaha Avenue
Minneapolis, MN 55406
Tel.: (612) 436-7100
dwilson@wilsonlg.com
cgiebink@wilsonlg.com
ksantamaria@wilsonlg.com

Benjamin Casper
Teresa Nelson
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MINNESOTA
P.O. Box 14720
Minneapolis, MN 55414
Tel.: (612) 274-7790
bcasper@aclu.org
tnelson@aclu.org

*Counsel for Petitioner-Appellee*

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 2, 2026

/s/ David Wilson
David L. Wilson, Esq.
MN ID # 0280239
dwilson@wilsonlg.com
WILSON LAW GROUP
3019 Minnehaha Avenue
Minneapolis, MN 55406
(612) 436-7100 / (612) 436-7101 (fax)
*Attorney for Petitioner*

# CERTIFICATE OF COMPLIANCE

I certify that Petitioner's Motion Response complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2275 words.

I further certify that this Motion Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point size Times New Roman font.

Dated: February 2, 2026

/s/ David Wilson
David L. Wilson, Esq.
MN ID # 0280239
dwilson@wilsonlg.com
WILSON LAW GROUP
3019 Minnehaha Avenue
Minneapolis, MN 55406
(612) 436-7100
*Attorney for Petitioner*

# Index of Exhibits

Exhibit A – Standing Order 2026-01, Middle District of Georgia

# Exhibit A