# No. 25-3248

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

JOAQUIN HERRERA AVILA
Petitioner-Appellee,

v.

PAMELA BONDI, ET. AL.,
Respondents-Appellants.

**REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO SUBMIT ON THE BRIEF OR FURTHER EXPEDITE ORAL ARGUMENT**

## INTRODUCTION

Respondents-Appellants (Respondents) previously moved the Court to expedite consideration of this appeal, including the scheduling of any oral argument. Petitioner-Appellee (Petitioner) opposed any effort to accelerate these proceedings. Upon the completion of briefing on the expedited schedule order by this Court, and in light of the substantial increase in habeas petitions being filed within this Circuit, Respondents have now requested that the Court submit the case for resolution on the briefs with expedited opinion to follow or, alternatively, to expedite the scheduling

of oral argument (including by holding argument by video).  As before, Petitioner resists efforts to expedite this case.

## ARGUMENT

Petitioner does not dispute that this appeal raises a significant and recurring issue of statutory interpretation regarding the Department of Homeland Security's ("DHS" or "Department") detention authority under the Immigration and Nationality Act.  He does not dispute that thousands of habeas petitions raising this exact same issue have been filed in district courts across the country, and that many hundreds have been filed in the district courts in this Circuit—including 427 new habeas petitions filed in the District of Minnesota in January alone.  *See* Mot. to Submit Appeal on the Briefs at 2 (citing Declaration of Daniel N. Rosen ¶3).  And he does not dispute that this enormous volume of habeas petitions is taking a devastating toll on the U.S. Attorney Offices across this Circuit, in addition to draining the resources of the district courts.  *See generally id*.

Nonetheless, Petitioner says this case should proceed as is, but none of the objections he raises to Respondents' requests has any merit.  Petitioner objects that Respondents initially asked for oral argument on an expedited basis but now request resolution on the briefs with expedited opinion.  But Respondents fully explained why the briefs fully present the positions of the parties and that this form of expedited treatment is warranted in light of the *substantial increase* in habeas petitions filed

2

within district courts in this Circuit since the filing of the opening brief. *See generally* Mot. to Submit Appeal on the Briefs.

Next, Petitioner faults Respondents for not responding to the Court's January 20, 2026, notice that the case was screened for oral argument, and then asking the Court to submit the matter on the briefs. *See* Petitioner's Opposition to Motion to Submit Appeal on Brief or Further Expedite Oral Argument (Petitioner's Opposition) at 5-6, n.1. The Court's January 20, 2026, notice of oral argument screening directed counsel to review the court calendar for conflicts and should "such a conflict [exist] . . . inform the court by sending a letter identifying . . ." the conflict. *See Avila*, No. 25-3248, Clerk Order of Jan. 20, 2026. Having no conflicts with the Court's calendar and being ready to argue on a moment's notice, the Respondents adhered to the directions in the order and filed no letter response. Contrary to Petitioner's attempt to portray the absence of a letter as a failure to "notif[y] the Court of its availability," the Respondents actions were in complete compliance with Court's directives and an expression of their eagerness to proceed with oral argument at the earliest opportunity.

Finally, the remainder of Petitioner's reasons for opposing expedited consideration amount to little more than complaints that Respondents have persisted in enforcing its interpretation of 8 U.S.C. § 1225(b)(2)(A) despite losses before many United States District Courts. Petitioner's Opposition at 6-9. Not surprisingly,
3

Petitioner altogether ignores the fact that Respondents have prevailed in several cases. *See, e.g., Vargas Lopez v. Trump,* 802 F. Supp. 3d 1132 (D. Neb. 2025); *Garibay-Robledo v. Noem,* No. 25-CV-177, Dkt. No. 9, at 1, 4-9 (N.D. Tex. Oct. 24, 2025); *Cirrus Rojas v. Olson,* 2025 WL 3033967, *5, *8-9 (E.D. Wis. Oct. 30, 2025); *Barrios Sandoval v. Acuna,* 2025 WL 3048926, *4-7 (W.D. La. Oct. 31, 2025); *Mejia Olalde v. Noem,* 2025 WL 3131942, *1-5 (E.D. Mo. Nov. 10, 2025); *Cabanas v. Bondi*, 2025 WL 3171331, *1, *3-6 (S.D. Tex. Nov. 13, 2025); *Suarez v. Noem,* 2025 WL 3312168, *1-2 (E.D. Mo. Nov. 28, 2025). Given these successes and the fact that the United States Circuit Courts of Appeals have yet to weigh in on this issue, Respondents are well within their authority to press forward with their reasonable and correct interpretation of a statute entrusted to their enforcement.

Accordingly, and for the reasons given in Respondents' motion, good cause exists to justify submitting this appeal for resolution on the briefs, with expedited opinion to follow. Alternatively, and at a minimum, there is good cause to justify further expedition of oral argument.

## CONCLUSION

The Court should grant Respondents' motion to submit on the briefs with expedited opinion to follow, or in the alternative, to schedule oral argument as soon as possible.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

BENJAMIN HAYES
Senior Counsel to the Assistant
Attorney General

ANTHONY P. NICASTRO
Assistant Director
Office of Immigration Litigation

February 5, 2026

*/s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4892
russell.verby@usdoj.gov

BROOKE MAURER
Trial Attorney
Office of Immigration Litigation

Attorneys for Respondents-Appellants

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Times New Roman type, is proportionally spaced and contains 828 words, exclusive of the tables of contents and citations and certificates of counsel.

*/s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4892
russell.verby@usdoj.gov

February 5, 2026                      Attorney for Respondents-Appellants

# CERTIFICATE OF SERVICE

I certify that on February 5, 2026, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through that system.

*/s/Russell J.E. Verby*
RUSSELL J.E. VERBY
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4892
russell.verby@usdoj.gov