

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

Tel: (202) 616-4892

February 10, 2026

VIA CM/ECF

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

      RE:   *Joaquin Herrera Avila.v. Bondi, et al.*
              8th Cir. Case No. 25-3248;
              District Court No. 0:25-cv-03741-JRT-SGE

Dear Ms. Bindler:

      Pursuant to Rule 28(j), Respondents notify the Court of the decision in *Buenrostro-Mendez v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which addresses the same issue of statutory interpretation presented here. This decision—issued three days after argument—strongly supports the government's merits arguments and the need for this Court to rule as expeditiously as possible, including by resolving the appeal on the papers or by order, with opinion to follow, after expedited argument.

      The Fifth Circuit held that aliens, like Petitioner, who are deemed to be "applicants for admission" under 8 U.S.C. §1225(a)(1) are "seeking admission" and subject to detention under §1225(b)(2)(A). *Id*. at *1-10. The Fifth Circuit adopted many of the arguments Respondents make here:

      **(1)** "[t]he everyday meaning of the statute's terms confirms that being an 'applicant for admission' is not a condition independent from 'seeking admission,'" *id*. at *4;

**(2)** §1225(a)(3)'s "or otherwise" clause shows that "'applicants for admission' are a subset of those 'seeking admission,'" so that "an 'applicant for admission' is necessarily someone who is 'seeking admission,'" *id*. at *5;

**(3)** "the government's interpretation does not render portions of §1226 superfluous" because §1226 "undeniably does work independent from §1225(b)(2)(A)," *id*. at *7;

**(4)** *Jennings v. Rodriguez* "does not suggest, much less require" an interpretation different than Respondents', including because the "language [from *Jennings* petitioner cites is dicta," *id*. at *7-8;

**(5)** "the government's past practice has little to do with the statute's text" and "[y]ears of consistent practice cannot vindicate an interpretation that is inconsistent with the statute's plain text," *id*. at *8; and

**(6)** "the government's interpretation better honors [the] predominant goal in the enactment of IIRIRA" to "put aliens seeking admission lawfully on equal footing with those who entered without inspection," *id*. at *9.

In addition, the Fifth Circuit rejected reliance on IIRIRA's allowance for a two-year delay in implementing §1226(c)'s detention mandate and omission of a similar allowance for §1225(b)(2)(A). *Id*. at *9. The Fifth Circuit declined "to rewrite … statutory text under the banner of speculation about what Congress might have done." *Id*. at *9.

Respectfully submitted,

*/s/ Russell J.E. Verby*
Russell J.E. Verby
Counsel for Respondents

cc:    All counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Russell J.E. Verby*
Russell J.E. Verby
Counsel for Respondents
