

**Michael K.T. Tan**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

February 13, 2026

**VIA CM/ECF**
Susan E. Bindler
Clerk of the Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

Re: *Herrera Avila v. Bondi* (No. 25-3248)
  Oral Argument Scheduled for February 19, 2026
  Response to Government's Rule 28(j) Letter

Dear Ms. Bindler,

The majority's decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026), overlooks the reasoning of hundreds of district judges and is flawed for the same reasons that Respondents' arguments are. As the dissent explained, the statutory text, context, and history confirm that §1225(b)(2) governs detention of noncitizens arriving at the border, consistent with the scheme described in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). *Id.* at *10-14. The dissent further notes:

- "Petitioners' reading gives 'seeking admission' [in §1225(b)(2)] independent force" consistent with "the statutory definition of 'admission'" while "[o]n the government's reading, the phrase 'alien seeking admission' does no independent work" and violates "a cardinal principle of statutory interpretation that we must give effect, if possible, to every clause and word." *Id*. at *12 (citations omitted);

- Respondents' reading "takes a sledgehammer to the statutes Congress wrote," including §1226(c) and the Laken Riley Act, and cannot explain how



§1226(c), but not §1226(a), can apply to noncitizens who entered without inspection. *Id*. at *13 & n.5;

- Congress's concerns in IIRIRA about the impact of mandatory detention for 45,000 noncitizens annually under §1226(c) and decision to defer §1226(c)'s implementation show that Congress didn't simultaneously create a detention mandate for millions of noncitizens present in the country. Congress doesn't "hide elephants in mouseholes" and "would be surprised to learn it had also required the detention without bond of two million people." *Id*. at *10, 15;

- Respondents' 30-year practice of detaining noncitizens like Petitioner under §1226 indicates the power that Respondents newly assert "was never conferred." *Id*. at *15;

- Respondents' reading of the inspection statute, §1225(a)(3), creates surplusage; "rests on an elementary grammatical error and a misunderstanding of the phrase 'or otherwise;'" and cannot "outweigh the text, context, and history of the [detention] provision actually at issue." *Id*. at *17; and,

- Respondents' reliance on one sentence in the legislative history regarding procedures in removal proceedings cannot override Congress's specific statements of intent to preserve bond-eligibility for noncitizens apprehended in the interior, consistent with the tradition of treating noncitizens like Petitioner differently from those seeking entry at the border. *Id*. at *17-18.

Respectfully submitted,

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioner-Appellee*

cc: Counsel of Record, via CM/ECF



# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioner-Appellee*



## CERTIFICATE OF SERVICE

      I hereby certify that on February 13, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

                                    */s/ Michael K.T. Tan*
                                    Michael K.T. Tan

                                    *Counsel for Petitioner-Appellee*

425 California St., San Francisco, California 94104 | m.tan@aclu.org | 808-490-3806