

**Michael K.T. Tan**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

February 23, 2026

**VIA CM/ECF**
Susan E. Bindler
Clerk of the Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

Re: *Herrera Avila v. Bondi*, **No. 25-3248**
     **Argued and Submitted on February 19, 2026**
     **Rule 28(j) Letter**

Dear Ms. Bindler,

     Petitioner-Appellee notifies the Court of *Learning Resources, Inc. v. Trump*, No. 24–1287, 607 U.S. ----, 2026 WL 477534 (U.S. Feb. 20, 2026), which held that the International Emergency Economic Powers Act ("IEEPA")'s delegation of power to "regulate . . . importation" does not authorize the President to impose tariffs on imports. *Id*. at *6, 13. The Court's analysis strongly supports Petitioner-Appellee's argument that the Immigration and Nationality Act ("INA") does not authorize the sweeping mandatory detention regime that the government asserts here.

     The Court affirmed the following principles of interpretation:

- "[T]he fact that no President has ever found such power in IEEPA is strong evidence that it does not exist." *Id*. at *11 (majority); *see also id*. at *9 (Roberts, C.J., joined by Gorsuch, J., Barrett, J.) ("It is also telling that in IEEPA's 'half century of existence,' no President has invoked the statute to impose *any* tariffs—let alone tariffs of this magnitude and scope."); *id*. at *39 (Kagan, J., concurring, joined by Sotomayor, J., Jackson, J.) ("Nor has any President until now understood IEEPA to authorize imposing tariffs.").



- "[H]ad Congress intended" to grant such "extraordinary power . . . it would have done so expressly." *Id*. at *10 (majority); *see also id*. at *7 (Roberts, C.J., joined by Gorsuch, J., Barrett, J.) (a "'practical understanding of legislative intent' suggested Congress would not have delegated 'highly consequential power' through ambiguous language"); *id*. at *25 (Gorsuch, J., concurring) ("a clear statement is required to support a claim to an extraordinary delegated power"); *id*. at *37 (Kagan, J., concurring, joined by Sotomayor, J., Jackson, J.) (requiring a "'modicum of common sense'" about how Congress acts).

So too here: the Executive's unbroken 30-year understanding and practice of detaining noncitizens with the possibility of bond under the INA, and the principle that Congress does not "hide elephants in mouseholes," compels rejection of the government's newly-asserted authority based on a statute historically applied only to those "seeking admission" at the border, to now require the detention of millions of noncitizens physically present in the United States, including longtime residents like Petitioner-Appellee.

Respectfully submitted,

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioner-Appellee*

cc: Counsel of Record, via CM/ECF



## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 349 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

      */s/ Michael K.T. Tan*
      Michael K.T. Tan

      *Counsel for Petitioner-Appellee*



# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

                                      */s/ Michael K.T. Tan*
                                      Michael K.T. Tan

                                      *Counsel for Petitioner-Appellee*