

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

---

Tel: (202) 616-4892

February 24, 2026

VIA CM/ECF

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

    RE:   *Learning Resources, Inc. v.* Trump,
           607 U.S. ---, 2026 WL 477534 (Feb. 20, 2026)

Dear Ms. Bindler:

    Respondents write to respond to the Rule 28(j) letter filed by Petitioner on February 23, 2026, regarding the Supreme Court's recent decision in *Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 (Feb. 20, 2026). That case does not support Petitioner's atextual interpretation of 8 U.S.C. §1225(b)(2).

    In *Learning Resources*, the Supreme Court held that the International Emergency Economic Powers Act ("IEEPA") does not authorize the President to impose tariffs. 2026 WL 477534, at *5, *6. IEEPA addresses a subject far-afield from immigration law, and the relevant text—"regulate … importation"—bears no resemblance to that of 8 U.S.C. §1225 or §1226.

    Nor do the "principles of interpretation" employed by the Court in *Learning Resources* support Petitioner's argument. *Cf.* Letter at 1. Although previous administrations did not apply §1225(b)(2) consistent with its text, this is not a case of statutory power never before recognized. Contemporaneous regulations adopted the precise interpretation of the statute Respondents advocate. *See* Reply Br. 19-20 (discussing 8 C.F.R.

§235.3(b)(1)(ii)); *see also Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *8 (5th Cir. Feb. 6, 2026). Further, in the preamble accompanying those regulations the agency "concede[d] that unadmitted aliens fell literally within the scope of §1225." *Buenrostro-Mendez*, 2026 WL 323330, at *8. In any event, "authority granted by Congress cannot evaporate through lack of administrative exercise." *Bankamerica Corp. v. United States*, 462 U.S. 122, 131 (1983).

Nor is this an "elephants in mouseholes" case. *Cf.* Letter at 2. Section 1225 defines "applicant for admission" and unambiguously provides for mandatory detention pending removal proceedings. 8 U.S.C. §1225(a)(1), (b)(2)(A). In fact, the parties *agree* that §1225(b)(2)(A) mandates detention; they just disagree over its scope. The major questions doctrine operates in the context of "delegations" of discretionary authority, not statutory commands like §1225(b)(2)(A). *See Learning Resources*, 2026 WL 477534, at *7-8. And Petitioner is not entitled to a bond hearing even under the statute *he says* governs. *See* 8 U.S.C. §1226(a) (Executive "*may* release the alien on … bond"). Regardless, §1225's text is sufficiently clear to satisfy the major questions doctrine even if it applied here.

Respectfully submitted,

*/s/ Russell J.E. Verby*
Russell J.E. Verby
Counsel for Respondents

cc: All counsel (via CM/ECF)

2

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 348 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Russell J.E. Verby*
Russell J.E. Verby
Counsel for Respondents
