

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

Tel: (202) 616-4892

February 24, 2026

VIA CM/ECF

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

    RE:    *Joaquin Herrera Avila.v. Bondi, et al.*
             8th Cir. Case No. 25-3248;
             District Court No. 0:25-cv-03741-JRT-SGE

Dear Ms. Bindler:

        Pursuant to Rule 28(j), Respondents write to clarify a portion of their opening brief and a statement at oral argument. During oral argument, the Court asked what aliens may be "seeking admission" but are not "applicants for admission." In response, counsel for Respondents referred the Court to certain lawful permanent residents referenced in 8 U.S.C. §1101(a)(13)(C) who are returning to the United States. *See also* Opening Br. 26-27. After further review, Respondents believe that lawful permanent residents referenced in 8 U.S.C. §1101(a)(13)(C) are applicants for admission, and that this is not such an example.

        One potential alternative example of such aliens has been offered by the same counsel who represent the petitioner in an appeal pending in the Second Circuit that addresses the same issue of statutory interpretation. *See* Petitioner-Appellee's Principal Br. at 39-40, *Barbosa da Cunha v. Lyons*, No. 25-3141 (2d Cir. Feb. 17, 2026). As they explain, aliens may present themselves for pre-inspection by U.S. Customs and Border Protection at certain designated foreign locations—for example, at certain international

airports (*e.g.*, Vancouver, Nassau, or Dublin, *see* 19 C.F.R. §101.5) prior to their arrival in the United States. *See* 8 U.S.C. §1225a; 8 C.F.R. §235.5. Those aliens are "seeking admission"—i.e., seeking "lawful entry of the alien into the United States after inspection and authorization by an immigration officer," 8 U.S.C. §1101(a)(13)(A)—but are not "applicants for admission" because they are not present or arriving in the Unites States at the time of inspection, *see id.* §1225(a)(1).

      Even if all aliens who are "seeking admission" also are "applicants for admission," that would not undermine Respondents' reliance on the "or otherwise" clause in §1225(a)(3). Congress's use of "or otherwise" plainly indicates that all applicants for admission are seeking admission. *See* Opening Br. 23-24; Reply Br. 3-4, 6-7. That suffices to resolve this appeal. "To object that §1225(a)(3)'s syllogism is invalid is an objection to be heard by Congress, not the Court." *Montoya v. Holt*, 2025 WL 3733302, at *8 n.7 (W.D. Okla. Dec. 26, 2025).

                                                  Respectfully submitted,

                                                  */s/ Russell J.E. Verby*
                                                  Russell J.E. Verby
                                                  Counsel for Respondents

cc:    All counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 335 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Russell J.E. Verby*
Russell J.E. Verby
Counsel for Respondents
