

**Michael K.T. Tan**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

February 25, 2026

**VIA CM/ECF**
Susan E. Bindler
Clerk of the Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

Re:   *Herrera Avila v. Bondi*, **No. 25-3248**
         **Argued and Submitted on February 19, 2026**
         **Rule 28(j) Letter**

Dear Ms. Bindler,

Petitioner-Appellee responds to Respondents-Appellants' Rule 28(j) letter, dated February 24, 2026, clarifying statements made in briefing and oral argument.

First, Respondents' letter confirms that Congress did not use the terms "applicants for admission" and "seeking admission" synonymously in the Immigration and Nationality Act. As Respondents note, a noncitizen who submits to pre-clearance is "seeking admission" under 8 U.S.C. § 1101(a)(13)(A), but not an "applicant for admission" under § 1225(a)(1). Likewise, a noncitizen may be an "applicant for admission" but not be "seeking admission"—for example, a noncitizen may obtain "advance parole"—a special grant of permission to travel abroad, 8 C.F.R. § 212.5(f)—and then try to reenter the country as an "arriving alien" based on that grant of parole. *See* 8 U.S.C. § 1101(a)(13)(B) (distinguishing between a "paroled" noncitizen and an "admitted" one); *Ibragimov v. Gonzales*, 476 F.3d 125, 132–33 (2d Cir. 2007) (petitioner returning on advance parole was an "arriving alien"). Petitioner is similarly deemed an "applicant for admission" as someone present without being admitted, but is not "seeking admission" into the country.



Second, regarding § 1225(a)(3), Respondents' attempt to make "applicants for admission" a subset of "seeking admission" fails as a matter of statutory construction because it renders the provision's reference to "applicants for admission" surplusage.[1] Courts "must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (cleaned up). Properly read, § 1225(a)(3) requires the inspection of *all* "applicants for admission"—some of whom will be seeking admission and others not—as well as any other noncitizens who are "otherwise seeking admission or readmission to or transit through the United States," *id.*,—i.e., "in a different way or manner" than applicants for admission do. *See* Otherwise, Webster's Ninth New Collegiate Dictionary 835 (1984). Indeed, the *only* way to avoid creating surplusage in § 1225(a)(3) is to recognize that only some applicants for admission are "seeking admission" while others, like Petitioner, are not.

Respectfully submitted,

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioner-Appellee*

cc: Counsel of Record, via CM/ECF

---

[1] *See also Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *17 (5th Cir. 2026) (Douglas, J., dissenting) (explaining grammatical flaws of government's reading).

425 California St., San Francisco, California 94104 | m.tan@aclu.org | 808-490-3806



## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 349 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

                                            */s/ Michael K.T. Tan*
                                            Michael K.T. Tan

                                            *Counsel for Petitioner-Appellee*



## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioner-Appellee*

425 California St., San Francisco, California 94104 | m.tan@aclu.org | 808-490-3806